IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM CHARLES GRAHAM,

      Petitioner,

v.

T. LILLARD,

      Respondent.

Case No. 3:24-CV-2055-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Pending before the Court is the Second Amended Expedited Motion for Leave to Amend the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner William Charles Graham. (Doc. 20). The Court grants the motion for leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Under Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, the Court must now review the Amended Petition (Doc. 20-1) and dismiss it if it plainly appears that the petitioner is not entitled to relief. Rule 1(b) authorizes the Court to apply this rule to cases filed under § 2241.

      Graham is serving a 294-month sentence in the Bureau of Prisons ("BOP") at FCI Greenville following his conviction for one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951(b)(1) and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). *United States v. Graham*, Case No. 19-cr-185-SRN-KMM (D. Minn.), Docs. 1, 489. Graham appealed his judgment, but his appeal was dismissed by the Eighth Circuit due to his failure to prosecute. *Id.* at Doc. 601.

Since then, Graham has incessantly attempted to attack his conviction and sentence though collateral means. He filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied by the District Court of Minnesota and affirmed by the Eighth Circuit Court of Appeals. *Id.* at Doc. 677, 690. On four occasions, he has requested permission to file successive § 2255 petitions, all of which have been denied by the Eighth Circuit. *Id.* at Docs. 735, 751, 778, 815. And, as District Judge David W. Dugan recently noted, Graham has filed at least eighteen § 2241 petitions in three different district courts, many of which are repetitive and all of which have been summarily dismissed as not cognizable in a § 2241 proceeding, procedurally improper, without merit, or for failure to prosecute. *Graham v. Lillard*, Case No. 3:24-cv-2071-DWD (S.D. Ill. Oct. 7, 2024) (listing every habeas case filed by Graham in Minnesota, Kentucky, and now Illinois).

In this case, Graham claims he is being held in the BOP without a properly drawn Fourth Amendment warrant, his sentence is void for want of jurisdiction because the statutes he was convicted under were not presented to a grand jury, the same offense conduct was used to support both his convictions, in violation of the Double Jeopardy clause, and he was sentenced on charges that were not made in the indictment in violation of his constitutional right to due process. (Doc. 20-1).

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). But if the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255. Such a collateral challenge to a sentence must be made in the

district of the inmate's conviction. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default—and usually the exclusive—vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

"Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Furthermore, a prisoner is limited to one § 2255 motion and may only be permitted to file a second or successive motion if there is "newly discovered evidence" or "a new rule of constitutional law." § 2255(h). Prisoners cannot use § 2241 as an end-run around this requirement. *Jones*, 599 U.S. at 477-78 ("Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.").

As many other courts have explained, Graham's arguments that his sentence was imposed in violation of the Constitution and that the district court was without jurisdiction to impose his sentence must be brought in a § 2255 motion. The relief he is seeking is not available under § 2241.[1] Thus, his petition shall be dismissed with prejudice. Graham is again warned that he must refrain from filing frivolous or duplicative cases in this Court. His failure to do so may result in the imposition of monetary sanctions or a filing ban in this district.

---

[1] To the extent Graham's argument that he was detained without a valid Fourth Amendment warrant falls within the province of § 2241, the record reflects that Graham was arrested on a validly issued warrant based on the Indictment that was returned by a Grand Jury. *Graham*, Case No. 19-cr-185-SRN-KMM, at Docs. 1, 4. Graham was then detained in the custody of the U.S. Marshal following a detention hearing. *Id.* at Doc. 302. Graham remained validly detained by the U.S. Marshal throughout trial and sentencing, after which he entered BOP custody. *Id.* at Doc. 489.

## CONCLUSION

For these reasons, the Second Amended Expedited Motion for Leave to Amend the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 20) is **GRANTED**. The Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by William Charles Graham (Doc. 20-1) is **DISMISSED with prejudice** and all pending motions are **DENIED as moot.**

If Graham wishes to appeal this Order, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If Graham chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Graham files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. See FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Graham to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED: December 13, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**